UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

NATHAN THOMPSON
ENTERPRISES, INC.,

  *Plaintiff*,

v.

  Case No. SA-22-CV-00295-JKP

PENSKE TRUCK LEASING CO., LP,

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) filed by Defendant Penske Truck Leasing Co. (Penske) as to Plaintiff Nathan Thomas Enterprises' common law fraud claim. *ECF No. 6*. Upon consideration, the Court concludes the Motion shall be GRANTED and Nathan Thompson Enterprises' common law fraud cause of action is DISMISSED WITH PREJUDICE. Nathan Thompson Enterprises' causes of action for breach of contract, promissory estoppel, and accounting remain.

### FACTS

This case arises from a dispute regarding a rental truck agreement between Nathan Thompson Enterprises and Penske. Nathan Thompson Enterprises sued in state court, alleging that Penske repeatedly improperly billed it for trucks no longer in its possession and failed to reimburse it for the allegedly improper charges, despite agreeing to do so. *ECF No. 1, Exh. B*. Penske removed the case to Federal Court and filed this Motion for Judgment on the Pleadings on April 4, 2022, to which Nathan Thompson Enterprises did not respond. *ECF No. 6*. Nathan

Thompson Enterprises' failure to timely respond is sufficient grounds to grant Penske's Motion for Judgment on the Pleadings, pursuant to Local Rule CV-7. W.D. Tex. R. CV-7(d)(2) (2021). However, in the interest of thoroughness, the Court also considers the Motion for Judgment on the Pleadings on the merits. *See Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015). *See also University Chill, LLC v. Saia Motor Freight Line, LLC*, No. 5:14-CV-902-FB, 2014 WL 12589581, at *2 n.1 (W.D. Tex. Nov. 14, 2014) (citing *Webb v. Morella*, 457 Fed.Appx. 448, 452 n.4 (5th Cir. 2012)).

## LEGAL STANDARD

Federal Rule 12(c) provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion filed pursuant to Federal Rule 12(c) "may dispose of a case when there are no disputed material facts and the court can render a judgment on the merits based on 'the substance of the pleadings and any judicially noted facts.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018)). A Federal Rule 12(c) motion is subject to the same legal standard and analysis as a motion to dismiss filed pursuant to Federal Rule 12(b). *Id*. (citing *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id*.; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). Thus, to warrant dismis-

sal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

## ANALYSIS

Penske asserts Nathan Thomas Enterprises' fraud claim is barred because a choice of law provision in the parties' contract dictates Pennsylvania law governs this action, and Pennsylvania law bars tort actions that arise from the same facts as a breach of contract claim. *ECF No. 6*. The Court need not address whether Pennsylvania law governs because the rule applies regardless of whether Texas or Pennsylvania law is applied. Under Texas law, the economic loss rule bars negligence and certain other tort claims for recovery of economic loss when the loss is limited to the subject matter of the contract or to the product itself. *See Payne v. Wells Fargo Bank Nat'l Assn.*, 637 F.Appx. 833, 837 (5th Cir. 2016) (applying the rule to fraud claim where the misrepresentations were directly related to performance of the contract and arose solely from the contractual relationship). Similarly, Pennsylvania's "Gist-of-the-Action" doctrine bars tort claims that "arise from, are related to, or are inextricably interwoven with a breach of contract claim." *Weisshouse v. Modulo Cucine LLC*, No. 2:12-CV-01899, 2013 WL 1729375, at *6 (W.D. Pa. Apr. 22, 2013). *See also eToll Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super.

2002). In either case, the dispositive question is whether Nathan Thompson Enterprises' fraud claim arises from the same facts as its breach of contract claim. In its Complaint, Nathan Thompson Enterprises alleges that Penske employees engaged in fraud when they repeatedly promised to credit its account for double billings, yet failed to do so. *ECF No. 1, Exh. B*. Penske asserts, and this Court agrees, that these allegedly fraudulent misrepresentations arise from the same facts as Nathan Thompson Enterprises' breach of contract claim. *ECF No. 6*. For this reason, Nathan Thompson Enterprises' fraud claim is properly dismissed as a matter of law.

## CONCLUSION

Accepting the allegations in the Complaint as true and construing the allegations in the light most favorable to Nathan Thompson Enterprises, the Court finds the pleading fails to state a plausible cause of action for fraud against Penske because a party cannot maintain a claim for fraud when the gist of the action sounds in contract. Because Nathan Thompson Enterprises' common law fraud claim cannot survive a Federal Rule 12(c) Motion on the merits, the Court GRANTS Penske's Motion for Judgment on the Pleadings (*ECF No. 6*) and DISMISSES WITH PREJUDICE Nathan Thompson Enterprises' fraud claim. Nathan Thompson Enterprises' causes of action for breach of contract, promissory estoppel, and accounting remain.

It is so ORDERED.
SIGNED this 3rd day of June, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE